IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ADAMS, #306990                *
        Petitioner,
        v.                                *    CIVIL ACTION NO. JKB-11-1010

GARY D. MAYNARD, SECRETARY OF    *
  DPSCS
J. MICHAEL STOUFFER, COMMISSIONER *
  OF CORRECTION
        Respondents.                 *
                                                   ***

MEMORANDUM

On April 15, 2011, the court received the instant 28 U.S.C. § 2241 petition for habeas corpus relief. John Adams ("Adams"), who is confined at the North Branch Correctional Institution ("NBCI"), seeks the restoration of good conduct credits he lost as part of a prison disciplinary sanction in November of 2009. Adams argues that the revoked good conduct credits should be restored because in 2009 the Division of Correction was still "enforcing [an] invalid procedure that was not in compliance with the Administrative Procedure Act."[1] ECF No. 1. Because he appears indigent, Adams's motion for leave to proceed in forma pauperis shall be granted.

Adams's primary reason for bringing this action is to challenge the disciplinary proceeding and to obtain the restoration of revoked diminution credits. A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 500 (1973) (state prisoner's civil rights action for injunctive relief seeking

---

[1] *See Massey v. Secretary, Dep't of Public Safety and Correctional Services*, 389 Md. 496, 886 A.2d 585 (Md. 2005). In *Massey*, the Court of Appeals of Maryland concluded that the directives of the Secretary of Department of Public Safety and Correctional Services dealing with inmate discipline and the procedures for charging offenses constituted regulations under the Administrative Procedure Act ("APA"), and thus, to be legally effective, were to be adopted in conformance with the APA. *See Massey*, 389 Md. at 517-25, 886 A.2d at 597-602.

restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).[2]

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224-25 (5th Cir. 1987). *See also Rose v. Lundy,* 455 U.S. 509, 515 (1982) (construing exhaustion doctrine in relation to 28 U.S.C. § 2254). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose,* 455 U.S. at 523.

An inmate in the custody of the Maryland Division of Correction who wishes to seek the restoration of revoked diminution credits has two possible avenues for relief. Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq.*,* to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office ("IGO");

4. Appealing a final decision of the IGO to the Circuit Court;

---

[2] In his relief request Adams also asks the court to "allow [me] to seek damages relief under civil action 1983 for monetary relief." ECF No. 1 at p. 8. An inmate's 42 U.S.C. § 1983 complaint seeking damages for alleged violations in a prison disciplinary proceeding that resulted in the loss of good conduct credits is not cognizable unless the disciplinary determination has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997).

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[3] and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

A review of the cause of action reveals that while Adams filed administrative remedies and proceeded to the IGO with regard to his disciplinary hearing claims, he has not received a decision from the administrative law judge. Thus, he has not fully exhausted his state court remedies as to his issue. His action must be dismissed for the failure to exhaust available state court remedies. *See Braden*, 410 U.S. at 490-91. A separate Order follows.


Date: April 26, 2011                                          /s/
                                                              James K. Bredar
                                                              United States District Judge

---

[3] Although at one time, this Court interpreted Maryland law as not permitting appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals of Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).